# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT COURT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Denny Densmore,<br>PLAINTIFF,<br><br>v.<br><br>NATIONAL BOARD OF<br>MEDICAL EXAMINERS,<br>DEFENDANT. | §<br>§<br>§<br>§<br>§   CAUSE NO. 2:14-cv-2082-CWH<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

**To the Honorable United States District Court Judge:**

Plaintiff, Denny Densmore, files his Original Complaint against Defendant, National Board of Medical Examiners ("NBME") and respectfully states the following.

## NATURE OF THE ACTION

1. This is an action for injunctive relief, damages, attorneys' fees and costs incurred in bringing this action based on NBME's refusal to provide reasonable accommodations to Densmore pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Densmore was a medical student at the Medical University of South Carolina ("MUSC"). The NBME illegally refused to accommodate Densmore's learning disability by refusing to provide Densmore additional time to take the United States Medical Licensing Examination ("USMLE") Step 2 Clinical Knowledge Exam ("Step 2 CK Exam") and Step 2 Clinical Skills Exam ("Step 2 CK Exam"). Densmore seeks an injunction prohibiting the NBME from continuing its violation of his ADA rights and compelling NBME to allow Densmore to take the Step 2 CK, Step 2 CS, and Step 3 examinations with appropriate accommodations. NBME's actions are in violation of the ADA, including 42 U.S.C. §12189.

## PARTIES

2. Densmore completed his fourth and final year of medical school studies at MUSC. Densmore, who has been diagnosed with a learning disability, took the Step 2 CK exam three times under standard testing conditions after NBME illegally denied him accommodations. He did not pass on any of the three attempts. As a result, he was not allowed to graduate from MUSC with his class in May of 2008 and was dismissed from the medical school and university. Densmore's learning disability impairs his reading ability to the point that his academic performance level as measured by standardized testing is lower than that expected in comparison to most people of similar educational background and is a disability within the meaning of the ADA. 42 USC §12102(2).

3. NBME is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. NBME administers the USMLE, a three-step examination, the successful completion of which is required for medical licensure in the United States. Additionally, the level of performance on the USMLE is a primary determinant of the quality of institution for which a candidate will be accepted for residency training. Defendant has previously administered and will administer the USMLE Step Exams within the boundaries of judicial districts in South Carolina, New Hampshire, Georgia, and California.

4. NBME engages in business in South Carolina, New Hampshire, Georgia, and California and these judicial districts and this action arises from those business activities. NBME, however, does not maintain a regular place of business in these states or these judicial districts and does not have a designated agent for services of process in these states. Accordingly, NBME may be served by sending a certified copy of the summons and this complaint by certified mail to NBME's registered agent: CT Corporation System 1025 Vermont Ave., N.W., Washington, D.C. 20005.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

7. Densmore was the first in his blue-collar family to attend and complete college, and he completed his fourth and final year of medical school instruction at MUSC. Because of Densmore's history of learning disability, MUSC granted him accommodation of extra time on written examinations. As part of the prerequisites for graduation from medical school, Densmore was required by MUSC to take the USMLE Step 2 CK Exam. Densmore repeatedly requested time accommodation from the NBME for the Step 2 CK exam; when the NBME refused to grant him any accommodation, he sat for the USMLE Step 2 CK Exam on three separate occasions but has been unable to achieve a passing score due to his ADA disability. MUSC then added the requirement that students also pass the USMLE Step 2 CS Exam. Densmore also requested time accommodation from the NBME for the Step 2 CS exam; when the NBME refused to grant him any accommodation, Densmore sat for the USMLE Step 2 CS Exam on three separate occasions, but due to his ADA disability, has been unable to achieve a passing score. Because of his learning disabilities, described below, Densmore had requested that, under the ADA, the NBME provide him with additional time to take the Step exams. These requests have been denied. As a result, Densmore was unable to graduate from MUSC and was dismissed from the university.

8. The specific learning disabilities afflicting Densmore include AD/HD and reading disorder.

9. Students at MUSC (as in many medical schools in the United States) are required to take and pass the Step 2 Exams in order to be granted the M.D. degree and move on to

attend medical residency. At MUSC (as in many medical schools in the United States), passing the Step 2 Exams is a prerequisite to graduation, the conferring of the Medical Doctorate degree, and obtaining residency admission.

10. The NBME develops and administers the Step 2 Exams at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

11. In 2011, the U.S. Department of Justice settled with the NBME regarding the NBME's violations of the ADA. Under the terms of the settlement agreement, NBME committed itself to providing reasonable testing accommodations to persons with disabilities who seek to take the USMLE, in accordance with the requirements of the ADA. The settlement agreement resulted from ADA violations by the NBME, similar to the NBME's refusal to grant accommodations for learning disabilities like those suffered by Densmore.

12. Densmore is currently not registered to take this exam because he was dismissed from MUSC. NBME's illegal denial of Densmore's requests for reasonable accommodations has made it impossible for him to graduate from medical school.

13. The facts establish that Densmore has definite learning disabilities that substantially limit his major life activities of reading and learning as compared to most people of similar educational background. Under the ADA, Densmore is entitled to a reasonable accommodation of additional time to take the Step 2 Exams. NBME's refusal to provide Densmore with the accommodation of extra time for the exams, despite knowing of Densmore's documented learning disabilities that are protected under the ADA, is a violation of Densmore's civil rights under the ADA.

14. Densmore has been unable to graduate from medical school education in the same manner as his MUSC classmates because he has not successfully completed the Step 2 Exams. Moreover, Densmore has been precluded from any medical residency position because the NBME has denied granting him the required accommodation for his disability. Densmore's hard-earned medical career will end if to the NBME continues to refuse to accommodate his disability as required by the ADA.

## COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

15.    Densmore incorporates by reference the foregoing paragraphs.

16.    Densmore is an individual with a disability as defined by the ADA because he has an impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of reading and learning.

17.    Title III of the ADA (46. U.S.C. §12189) prohibits discrimination against persons with disabilities in professional examinations such as the Step 2 Exams as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals

18.    The NBME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the Step 2 Exams.

19.    Pursuant to 28 C.F.R. §36.309(b), the NBME must assure that any examination is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

20.    One reasonable accommodation for a disabled person, such as Densmore, that may be provided under the ADA is lengthening the time permitted for completing the examinations.

**Original Complaint - Page 5**

21. Densmore has a learning disability that substantially limits his major life activities of reading and learning. Densmore's condition has been diagnosed by experts in this field through repeated testing, examination and evaluation, and constitutes a disability within the meaning of the ADA.

22. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. §12102(2). Under the authority of 42 U.S.C. §12134, the Department of Justice has promulgated regulations (28 CFR §35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people of similar education and training." 28 CFR, pt. 36, App. B.

23. As noted above, Densmore has a learning disability that substantially impairs a major life activity. His disability precludes him from learning in the same manner and in the same amount of time as most people of similar education and training. This learning disability substantially limits his activity of reading and learning, in comparison to most people of similar education and training other medical students taking the Step 2 Exams.

24. Failure in passing the Step 2 and Step 3 Exams necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the Step 2 and Step 3 Exams is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the Step 2 Exams is a primary determinant of a candidate's job opportunities for residency. Thus, Densmore's entire future livelihood as a medical doctor rests on these exams.

25. Densmore made formal written request of NBME for reasonable accommodation for his disability in connection with taking the exams, i.e., two times the standard time to take the exam, an accommodation NBME has made to some people who have requested the accommodation.

26. The NBME's refusal to provide any reasonable test accommodations Densmore requested for the exam constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

27. Densmore will be irreparably harmed by the NBME continued illegal refusal to provide him a reasonable test accommodation as requested and unless this Court grants injunctive relief prohibiting the continued violation of Densmore's ADA rights and compelling the NBME to provide the requested accommodation, in that (a) Densmore's medical career will end because passing scores on the Step 2 Exams is a prerequisite to continuing his medical career; (b) given his history with prior examinations, including the Step 2 Exams, Densmore is justifiably concerned that he will not pass the exam without the additional extra time accommodation to which he is entitled under the ADA; (c) Densmore's opportunity to engage in his career is effectively over unless the NBME is compelled to comply with the ADA; (d) without a time accommodation for the Step 2 Exams, Densmore will be unable to receive his medical degree from MUSC and he will be unable to enter any medical residency program; (e) requiring Densmore to take the exam without accommodation puts him at distinct disadvantage given his disability; and (f) failure on the exams as a result of not receiving accommodation from the NBME eliminates Densmore's future residency and professional career, and eliminates his ability to repay near $300,000 in medical school-related student debt.

28. The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

29. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Densmore with the ADA accommodations to which he is justly entitled.

30. As a result of the NBME's violation of the ADA, Densmore and his family have suffered and will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

40. The NBME in denying Densmore's' request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Densmore's ADA rights.

41. Densmore is entitled to and hereby requests that the Court enter a permanent injunction directing that NBME cease and desist its refusal to accommodate Densmore's request for an accommodation on the Step 2 Exams and any future Step Exams to be taken by Densmore and that the NBME comply with the ADA by providing Densmore's requested accommodation with regard to the Step 2 Exams and future Step Exams for which Densmore is otherwise entitled to sit and for which he otherwise makes proper application.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

42. Densmore incorporates by reference the foregoing paragraphs.

43. 42 U.S.C. §12188(a) (1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. §2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Densmore is entitled to recovery and, hereby, does request recovery of all reasonable attorneys' fees, costs, and expenses incurred in the bringing and prosecution of this action.

WHEREFORE, PREMISES CONSIDERED Densmore requests that this Court grant judgment in his favor and against NBME as follows:

A. Enter judgment in the form of a permanent injunctive order against NBME directing NBME to immediately cease and desist from its refusal to accommodate Densmore's request for accommodation on the Step 2 Exams and any future Step Exams for which Densmore is otherwise entitled to sit and for which he has made proper application and ordering NBME to comply with the ADA by allowing Densmore the requested accommodation of two times the standard time to take any of the Step Exams to be proctored over two non-consecutive days.

B. Enter judgment against NBME awarding such damages as may be proven by Densmore and to which he is entitled;

C.  Enter judgment against the NBME awarding Densmore recovery of his reasonable attorney's fees, costs and expenses incurred in bringing and prosecuting this litigation; and

D.  Award such other and further relief as may be appropriate, in law or in equity, to which Densmore may otherwise be entitled.

Respectfully submitted,

By: s/Palmer Freeman
Palmer Freeman (Fed. I.D. #894)
P. O. Box 8024
Columbia, SC 29201
Ph:  803-799-9400
Fax: 803-376-5084
Local counsel for Plaintiff

Columbia, South Carolina
May 29, 2014.

Lead Counsel:

Vincent E. Nowak, SBOT# 15121550
1301 Daws Drive
Amarillo, Texas 79124
Ph:  806-679-7914
Fax: 806-356-9112
email: venowak@gmail.com