# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Denny Densmore, ) | |
| ) | Civil Action No.: 2:14-cv-2082-MBS |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| National Board of Medical ) | |
| Examiners, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Denny Densmore ("Plaintiff") brought this disability discrimination action against Defendant National Board of Medical Examiners ("Defendant"), alleging violation of his rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. ECF No. 1. Plaintiff alleges that Defendant failed to provide him reasonable accommodation by refusing to allow him extended time to complete medical licensing exams administered by Defendant. ECF No. 1. This matter is before the court on Defendant's motion to dismiss filed on August 18, 2014. ECF No. 17. Plaintiff filed a response opposing the motion on September 2, 2014 (ECF No. 20), and Defendant filed a reply on September 10, 2014 (ECF No. 22). Defendant contends, among other things, that the within action is barred by the applicable statute of limitations. For the reasons below, Defendant's motion is granted.

## BACKGROUND

Plaintiff was a student at the Medical University of South Carolina ("MUSC") and had completed his final year of studies in 2008. ECF No. 1 at 2. Plaintiff alleges that he has learning disabilities including attention deficit hyperactivity disorder and a reading disorder. ECF No. 1 at

1

3. During his time as a student, MUSC officials granted Plaintiff an accommodation of extra time on written examinations because of his history of learning disabilities. ECF No. 1 at 3.

In order to complete medical school and enter a medical residency program, Plaintiff was required to take and pass the United States Medical Licensing Exam Step 2 CK and Step 2 CS exams, both of which are administered by Defendant. ECF No. 1 at 3. Plaintiff requested extra time to complete these two exams. ECF No. 1 at 3; ECF No. 17-2. Defendant denied the request in a letter dated March 20, 2013. ECF No. 17-2. Plaintiff was unable to achieve a passing score on either examination after multiple attempts. ECF No. 1 at 3. Plaintiff alleges that as a result he was unable to graduate from MUSC, receive his degree, and obtain admission to a medical residency program. ECF No. 1 at 3.

Plaintiff sent Defendant a copy of the draft complaint in this action on October 8, 2013 with a cover letter requesting that Defendant contact Plaintiff's counsel "to discuss a possible resolution." ECF No. 20-1 at 1. Defendant acknowledged receipt of the draft complaint via certified mail dated October 15, 2013. ECF No. 20-1 at 4.[1] No resolution having been achieved, Plaintiff instituted this action on May 29, 2014. ECF No. 1. Plaintiff seeks injunctive relief in the form of an order "directing that [the National Board of Medical Examiners] cease and desist its refusal to

---

[1] Neither party contests the authenticity of the March 20, 2013 letter from Defendant or the authenticity of the October 2013 correspondence between Plaintiff and Defendant. *See* ECF Nos. 20 at 3 n.1 & 22 at 3-4. Both parties also agree that the court may consider these documents in deciding this motion to dismiss. *See* ECF Nos. 17-1 at 5 n.20 & 20 at 3 n.1; *see also Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (acknowledging that under a Rule 12(b)(6) motion to dismiss a district court may properly consider documents whose authenticity is not challenged, especially where the document is "integral" to the plaintiff's claim). The court notes that Defendant offers the letter of March 20, 2013 "to show only that [Defendant] denied Plaintiff's request for accommodations on March 20, 2013" and the court considered it for that purpose only. *See* ECF No. 17-1 at 5 n.21.

2

accommodate Denmore's request for an accommodation on the Step 2 Exams and any future Step Exams to be taken by Densmore . . . ." ECF No. 1 at 8.

## DISCUSSION

Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint. ECF No. 17. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). Complaints that merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are inadequate. *Twombly*, 550 U.S. at 555.

"Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "In addition, although [the court] must view the facts alleged in the light most favorable to the plaintiff, [the court] will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.'" *Nathan*, 707 F.3d at 455 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). The court must treat factual allegations of the nonmoving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994).

In its motion to dismiss, Defendant asserts that Plaintiff's action is barred by the statute of

limitations. The ADA itself does not provide a statute of limitations, so the court must turn to state law to determine the relevant limitations period. *Wolsky v. Med. College of Hampton Roads*, 1 F. 3d 222, 223 (4th Cir. 1993). The court is to apply the statute of limitations contained in the most analogous state statute. *Id*. In South Carolina, the applicable statute of limitations for ADA claims is the one-year period found in the South Carolina Human Affairs Law ("SCHAL"). S.C. Code Ann. § 1-13-10, *et seq.*; *see also Mestrich v. Clemson Univ.*, C.A. No. 8:12-2766-TMC, 2013 WL 842328 at * 2-3 (D.S.C. Mar. 6, 2013) (applying the SCHAL one-year limitations period to claims arising under the ADA); *Cockrell v. Lexington Cnty. School Dist.*, C.A. No. 3:11-2042-CMC, 2011 WL 5554811 (D.S.C. Nov. 15, 2011) (same).

Defendant argues that the cause of action accrued on March 20, 2013 when it first notified Plaintiff that his request for extended time was denied. *See* ECF No. 17-2. Plaintiff, on the other hand, argues that although Defendant allegedly violated his rights under the ADA in March 2013, it also violated his rights in October 2013 when it again denied accommodations requested by the Plaintiff. Plaintiff notes that the October 2013 denial was within the limitations period. ECF No. 20 at 7; *see also* ECF No. 20-1.

The question of when a cause of action accrues is one of federal law. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Under federal law "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *see also Nasim*, 64 F.3d at 955 (holding that a cause of action accrues once the plaintiff knows he has been hurt and who inflicted the injury). Here, Defendant's letter of March 20, 2013 denying Plaintiff accommodation gave rise to Plaintiff's right to sue under the ADA. Therefore, the cause

4

of action accrued when Plaintiff received the notice of the denial of his request for accommodation.

Plaintiff urges the court to construe the October 2013 correspondence as a new request for accommodation and a new denial giving rise to a separate injury, from the date of which the statute of limitations began to run anew. ECF No. 20 at 7. Even assuming that a request to "discuss a possible resolution" to a threatened lawsuit is a demand for accommodation under the ADA, Defendant's acknowledgment of receipt is not a denial of accommodation. *See* ECF No. 20-1 at 1, 4. As Defendant notes, the October 2013 correspondence is more properly categorized as a request to reconsider the denial of accommodation represented by the March 20, 2013 letter. A request to reconsider cannot extend the applicable limitations period. *Del. State College v. Ricks*, 448 U.S. 250, 261 n.15 (1980); *see also Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) (a "refusal to undo a discriminatory decision is not a fresh act of discrimination"). Allowing requests for reconsideration to toll the statute of limitations "would as a practical matter eliminate the statute of limitations in ADA cases." *Martin v. Sw. Va. Gas Co.*, 135 F.3d at 310 (internal quotations and citation omitted). The court concludes that Defendant's March 20, 2013 letter (ECF No. 17-2) was a denial of Plaintiff's request for accommodation under the ADA and, therefore, that the statute of limitations began to run when Plaintiff received notice of that denial in March of 2013.

Because the cause of action in this case accrued in March of 2013 and this action was not filed until May of 2014, Plaintiff's claim is time barred.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 17) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

October 31, 2014
Columbia, South Carolina