UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Denny Densmore, * | |
|     Plaintiff, * | |
| * | |
| v. * | Case No. 1:15-cv-00096-JL |
| * | |
| National Board of Medical Examiners, * | |
|     Defendant. * | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO DISMISS**

**NOW COMES** the plaintiff Denny Densmore, by and through his attorneys and respectfully submits the within Memorandum of Law in Support of Objection to Motion to Dismiss, stating as follows:

**I.     Introduction**

Densmore suffers from learning disabilities, which include ADHD and reading disorders. Both are diagnosed and documented disabilities. The National Board takes issue with the language in Densmore's complaint where he identifies as an individual who has disabilities that impair him "in comparison to most people of similar educational background."

The Court should not dismiss Densmore's Complaint because it adequately pleads that he has a record of disabling impairments, entitling him to the relief of reasonable accommodation that he sought and was illegally denied. *See* Complaint at ¶¶12 and 26.

Regardless, the Court should not deny the Motion to Dismiss without giving Densmore leave to address the alleged deficiencies the defendant has identified. "[T]he court should not dismiss [a complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

1

**II.     Argument and Analysis**

    **A.     <u>Densmore' Complaint Adequately Pleads That He Has A Record of Disabling Impairments, Entitling Him To Reasonable Accommodation.</u>**

*1. Who is a covered entity?*

The ADA requires covered entities to provide reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee unless such covered entity can demonstrate that the accommodation would impose an undue hardship.  42 U.S.C. § 12112(b)(5)(A).  The ADA specifically states that

> Any person that offers examinations or courses related to applications, licensing, or credentialing for secondary and post-secondary education, professional, or trade purposes shall offer such examination or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.  42 U.S.C. § 12189.

The Department of Justice ("DOJ") regulations promulgated under Title III of the ADA require that examinations covered by 42 U.S.C. §12189 be selected and administered in a manner that accurately reflects the individuals aptitude or achievement level rather than reflecting the individual's specific impairment. 28 C.F.R. § 36.309(b)(1)(i).

The NBME administers the USMLE, a nationwide examination for prospective physicians which must be successfully completed to obtain a medical license in the United States.  Accordingly, the NBME is a covered entity and is required to comply with the provisions of Title III of the ADA.  *See* <u>Gonzales v. Nat'l Bd. of Med. Examiners</u>, 225 F.3d 620, 626 (6th Cir. 2000).

*2.     What is a disability under the ADA?*

For purposes of the ADA, a person is disabled if he or she suffers from a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42. U.S.C. § 12102(2)(A). Courts have broken this down into a three-part decision process: (1) whether the plaintiff's problems constitute a mental impairment; (2) whether the life activities upon which plaintiff relies are major life activities; and (3) whether plaintiff's impairment substantially limits these major life activities. Bragdon v. Abbott, 524 U.S. 624, 641 (1998); Gonzales, 225 F.3d at 627.  While the ADA fails to define the terms necessary to apply this standard, and no agency has authority to issue regulations to implement and define the general provisions of the ADA, courts have used both Department of Justice ("DOJ") and Equal Employment Opportunity Commission ("EEOC") regulations to create a framework for answering these three questions. *See* Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 193-96 (2002).

i.  Physical & Mental Impairments & Major Life Activities

The DOJ regulations define physical or mental impairment as including "specific learning disabilities." 28 C.F.R. § 36.104.  Learning disabilities affecting one's ability to read are mental impairments. *See, e.g.*, Gonzales, 225 F.3d at 627. While courts have pointed out that a psychologist or clinician's diagnosis of a disability is not binding upon the ADA, numerous court's relying upon such diagnosis have held that learning disabilities affecting one's ability to read, such as dyslexia and lack of automaticity, are mental impairments under the ADA. Gonzales, 225 F.3d at 627*;* Baer v. Nat'l Bd. of Med. Exam'rs, 392 F. Supp. 2d 42, 47 (D. Mass. 2005) (holding that although plaintiff's well-documented weakness in reading fluency and comprehension was an impairment, the facts in the case did not evidence an impairment that

3

would "substantially limit" her ability to read); Bartlett v. N.Y. State Bd. of Law Exam'rs, No. 93-CIV4986-SS, 2001 WL 930792 (S.D.N.Y. 2001) (holding that student's lack of automaticity was an impairment that substantially limited her ability to read entitling her to accommodation on the New York Bar Exam).

To qualify as impaired under the ADA, the alleged impairment must involve a basic activity the average person in the general population can perform with little or no difficulty. 29 C.F.R. § 1630.2(i). The DOJ regulations include "walking, seeing, hearing, speaking, breathing, learning and working" as major life activities. 28 C.F.R. § 36.104(2). In interpreting the regulations, courts have concluded that major life activities include reading and writing as part of the major life activity of learning. *See* Gonzales, 225 F.3d at 626; Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 155 (1st Cir. 1998); Bartlett v. N.Y. State Bd. of Law Exam'rs, 226 F.3d 69, 80 (2nd Cir. 1998) (where student suffered from a cognitive reading disorder including poor automaticity and reading rate, the court held that such a deficiency qualified as an impairment under the ADA). In this case, Densmore suffers from ADHD and a reading disorder. The major life activities at issue here--reading and learning—therefore qualify as major life activities within the meaning of the ADA.

### ii. "Substantially Limited" Generally

To qualify as disabled under the ADA, a claimant must show the limitation on the affected major life activity is substantial. 42 U.S.C. § 12102(2)(A). The burden of proving that an impairment substantially limits a major life activity "is not necessarily an onerous one, and in fact, certain limitations will 'ordinarily' qualify as disabilities." *Bartlett,* 226 F.3d at 80. Determining whether an individual is "substantially limited" is a question of both law and fact. *Id.*

The DOJ regulations find an individual substantially limited "when the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 C.F.R., pt. 36, Apx. B.  The EEOC defines "substantially limited" in a similar manner as a "[s]ignificant[] restrict[ion] as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity."  29 C.F.R. § 1630.2(j) (2001). In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: "[t]he nature and severity of the impairment; [t]he duration or expected duration of the impairment; and [t]he permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." 29 C.F.R. §§ 1630.2(j)(2)(i)-(iii).

Given the fact-intensive nature of the inquiry as to whether an impairment substantially limits a person in major life activities such as reading and learning, dismissing Densmore's Complaint on the grounds that his impairments somehow do not substantially limit his ability to read and learn would be improper.   The Motion to Dismiss should be denied.

### iii. A Record of Such an Impairment

The DOJ regulations also define disability as "a record of such impairment."  Densmore's Complaint pleads his history of learning disability and his history – or record – of such impairment.  *See* Complaint at ¶26.  As a person with a record of disabling impairments, Densmore is entitled to reasonable accommodation under the ADAAA.   The Court should therefore deny the Motion to Dismiss.

B. **<u>An Amended Complaint Would Cure Any Deficiency, Such That The Motion to Dismiss Should Be Denied.</u>**

Densmore can file a First Amended Complaint that would address the issue on which the defendant asks the Court to decide the Motion to Dismiss. The plaintiff's proposed First Amended Complaint, attached hereto as Exhibit A, addresses the "substantially limited" standard, in particular at Paragraphs 8 and 28. Because courts generally should not dismiss a complaint without affording a litigant at least one opportunity to amend, the Court should do so here.

## III
## Conclusion

The National Board's Motion to Dismiss should be denied for two reasons. First, the "form" objection that forms the basis of the National Board's motion is easily cured with Densmore's attached proposed First Amended Complaint. Second, Densmore's Complaint pleads the precise "record of such an impairment" facts required by the DOJ regulations. For these reasons, Densmore respectfully asks that the National Board's Motion to Dismiss be denied and that Densmore be granted leave to file his First Amended Complaint.

                                            Respectfully submitted,
                                            DENNY DENSMORE
                                            By his attorneys,
                                            DOUGLAS, LEONARD & GARVEY, P.C.

Date: May 26, 2015               By:    /s/Benjamin T. King_____
                                                  Benjamin T. King, NH Bar #12888
                                                  14 South Street, Suite 5
                                                  Concord, NH 03301
                                                  (603) 224-1988
                                                  benjamin@nhlawoffice.com

                                                  and

Date: May 26, 2015      By:      /s/Vincent E. Nowak_____
                                 Vincent E. Nowak, SBOT# 15121550
                                 1301 Daws Drive
                                 Amarillo, TX 79124
                                 (806) 679-7914
                                 venowak@gmail.com

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

                                             /s/ Benjamin T. King_____
                                             Benjamin T. King