UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| DENNY DENSMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:15-CV-0096-JL |
| v. ) | |
| ) | |
| NATIONAL BOARD OF MEDICAL ) | |
| EXAMINERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY OF THE DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS**

On May 1, 2015, the National Board of Medical Examiners ("NBME") moved to dismiss the Complaint filed by Denny Densmore in this action. On May 27, 2015, Densmore objected to the Motion to Dismiss and attached a "First Amended Complaint" to the Memorandum of Law in Support of the Objection. But despite his reference to an amended complaint and a statement that he "can file a First Amended Complaint that would address the issue on which the defendant asks the Court to decide the Motion to Dismiss," Doc. 11.1 at 6, Densmore has not filed any additional pleading with this Court.

NBME moved to dismiss the Complaint because Densmore alleged the wrong standard for determining "disability" under Title III of the Americans With Disabilities Act ("ADA") – that he suffers from learning disabilities that substantially limit his ability to perform major life activities as compared to "most people of similar educational background." As NBME demonstrated, the correct standard under the ADA requires a showing that the impairment

substantially limits a major life activity relative to "most people in the general population."  29 C.F.R. § 1630.2(j).

While Densmore's Objection now omits the incorrect standard for "disability" that he relied upon in his Complaint, the Objection nonetheless contains inaccurate statements of law and references to out-of-date versions of the regulations accompanying Title III of the ADA.  Specifically, Densmore cites 29 C.F.R. § 1630.2(i) for the following proposition: "To qualify as impaired under the ADA, the alleged impairment must involve a basic activity the average person in the general population can perform with little or no difficulty."  Doc. No. 11.1 at 4.  Neither subsection (i) nor any other subsection of 29 C.F.R. § 1630.2 stand for that proposition.[1]  Densmore also quotes, in two instances, a prior version of 29 C.F.R. § 1630.2 addressing the "substantially limited" standard.  *See id.* at 5.  Densmore should not be able to pick and choose from obsolete versions of the regulations to support his claims.

---

[1]  29 C.F.R. § 1630.2(i) provides as follows:

    (i) Major life activities—

        (1) In general. Major life activities include, but are not limited to:

        (i) Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working; and

        (ii) The operation of a major bodily function, including functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. The operation of a major bodily function includes the operation of an individual organ within a body system.

        (2) In determining other examples of major life activities, the term "major" shall not be interpreted strictly to create a demanding standard for disability. ADAAA section 2(b)(4) (Findings and Purposes). Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life."

Densmore's Objection further contends that the Complaint sufficiently pleads that he is "disabled" because he has a "record of disabling impairments," and therefore he has stated a claim for relief under the ADA. *See id.* at 1. While the ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual" *or* "a record of such an impairment", 42 U.S.C. § 12102, to assert a disability under the latter, a person must still show that he or she suffers from an impairment that substantially limits a major life activity. *See* 29 C.F.R. § 1630.2(k)(2) ("An individual will be considered to have a record of a disability if the individual has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment."). As NBME explained in its Motion to Dismiss, Densmore's Complaint does not allege that standard. Accordingly, for the same reasons that the Complaint fails to plead that Densmore has an impairment that substantially limits a major life activity, it also fails to state claim that Densmore has a record of such impairment.

Nonetheless, NBME recognizes that Densmore *could* file an amended complaint that incorporates the correct standard and the correct versions of the regulations. NBME assented to the filing of such a complaint and requested that it be filed before NBME's Reply was due. To date, no such complaint has been filed. Accordingly, unless and until Densmore files another complaint, the current Complaint is defective and should be dismissed.

Respectfully submitted,

NATIONAL BOARD OF MEDICAL EXAMINERS

Date:  June 2, 2015

By its attorneys,

MCLANE, GRAF, RAULERSON AND MIDDLETON, PROFESSIONAL ASSSOCIATION

By: /s/ Alexandra L. Geiger
    Wilbur A. Glahn, III, Bar No. 937
    Alexandra L. Geiger, Bar No. 20087
    900 Elm Street, P.O. Box 326
    Manchester, NH 03105
    Phone:  (603) 625-6464
    bill.glahn@mclane.com
    alexandra.geiger@mclane.com

Certificate of Service

    I certify that, on June 2, 2015, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

/s/ Alexandra L. Geiger
Alexandra L. Geiger, Bar No. 20087