UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Denny Densmore,<br><br>    Plaintiff<br><br>v.<br><br>National Board of Medical Examiners,<br><br>    Defendant | Civil Action No.  1:15-cv-0096-JL |

**JOINT DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:**  The parties conferred by e-mail on August 25, 2015.

**COUNSEL PRESENT/REPRESENTING:**

    **For Plaintiff:** Benjamin T. King, Douglas, Leonard & Garvey, P.C.
    **For Defendant:** Wilbur A. Glahn, III and Alexandra L. Geiger, McLane, Graf, Raulerson & Middleton, P.A.

**CASE SUMMARY**

**THEORY OF LIABILITY**:   Mr. Densmore claims that the defendant refused to reasonably accommodate his alleged disabilities in violation of the Americans With Disabilities Act ("ADA").

**THEORY OF DEFENSE:**  Defendant generally denies all of Plaintiff's claims.  Defendant specifically denies that, based on the documentation submitted by Plaintiff to NBME with his requests for test accommodations for the Step 2 medical licensing examinations, Mr. Densmore suffers from a disability as defined by the ADA that entitles him to accommodations for those exams.

**DAMAGES:**  Injunctive relief, lost wages, compensatory damages, attorney's fees, interest and costs.  Defendant denies that Plaintiff is entitled to damages under the ADA.

**DEMAND:**  January 1, 2016

**OFFER:**   February 1, 2016

**JURISDICTIONAL QUESTIONS:**  None.

**QUESTIONS OF LAW:**

1. Whether some or all of Mr. Densmore's claims are barred by the applicable statute of limitations.

2. Whether, based on the documentation submitted by Plaintiff to NBME with his requests for test accommodations for the Step 2 medical licensing examinations, Mr. Densmore suffers from a disability as defined by the ADA that entitles him to accommodations for those exams.

**TYPE OF TRIAL**: Plaintiff claims a trial by jury. Defendant denies that Plaintiff is entitled to a jury trial under Title III of the ADA. *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 635 (6th Cir. 2000) (Gilman, J., dissenting); *Hobleman v. Kentucky Fried Chicken*, 260 F. Supp. 2d 801, 805 (D. Neb. 2003); *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729, 733 (E.D. Mich. 2001).

## DISCOVERY

**TRACK ASSIGNMENT:** STANDARD – 12 MONTHS

**DISCOVERY NEEDED:** Depositions, interrogatories, requests for production, and requests for admission on issues relating to liability and damages. Defendant denies that Plaintiff is entitled to damages under Title III of the ADA. *See Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 1st Cir. 2006).

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1):** The parties agree that disclosures pursuant to Rule 26(a)(1) will be exchanged by October 15, 2015.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** The parties agree to produce electronically stored information ("ESI") as permitted under Fed. R. Civ. P. 34, in an electronic format which is reasonably accessible and searchable and which maintains the integrity of the ESI's embedded data and metadata. The parties acknowledge that they have an ongoing duty to preserve all evidence (including ESI) which may be relevant to this action.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties agree that in the event a disclosing party inadvertently produces privileged or trial preparation materials, it will immediately notify the requesting party of such disclosure. After the requesting party is so notified, it will return, sequester or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as trial preparation materials is resolved. The parties agree that they will attempt to resolve disputes regarding the assertion of privilege between themselves and if unable to do so, will file a motion with the court for *in camera* review and decision on the issue.

**COMPLETION OF DISCOVERY:**

    (1) Date all discovery complete: July 1, 2016
    (2) If there are issues for early discovery, date for completion of discovery on those issues: **N/A.**

**INTERROGATORIES:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** A maximum of 10 depositions by each party. Each deposition shall be limited to a maximum of 7 hours, unless extended by agreement of the parties or the Court.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

    Plaintiff:  December 1, 2015      Defendant:  February 1, 2016
    Supplementations under Rule 26(e) are to be made seasonably pursuant to court rules.

**CHALLENGES TO EXPERT TESTIMONY**:    June 15, 2016

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendant(s) claim that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than July 1, 2015. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**

    Plaintiff:  October 1, 2015      Defendant:  October 1, 2015

**THIRD PARTY ACTIONS:**  October 1, 2015

**AMENDMENT OF PLEADINGS:**

    Plaintiff:  October 1, 2015      Defendant:  November 1, 2015

**DISPOSITIVE MOTIONS:**

    To Dismiss: November 1, 2015
    For Summary Judgment:  July 1, 2016

**SETTLEMENT POSSIBILITIES:**  Settlement possibilities cannot be evaluated prior to February 15, 2016**.**

**JOINT STATEMENT RE MEDIATION:**  The parties have not agreed to any mediation as of this date, but will provide a joint statement regarding the suitability of mediation by February 15, 2016**.**

**WITNESSES AND EXHIBITS:**  Set by Court's Notice of Trial Assignment.

**TRIAL ESTIMATE:**  Plaintiff requests 4 to 5 days for trial.  Defendant thinks 2 days for trial is sufficient.

**TRIAL DATE:**  Two-week trial period beginning November 1, 2016**.**

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties understand that the Preliminary Pretrial Conference will occur September 15, 2015, at 2 p.m.   The plaintiff requests that the Court permit telephonic attendance at the Preliminary Pretrial Conference by Attorney Nowak, who hails from Amarillo, TX, and who is admitted pro hac vice.  Defendant assents to Plaintiff's request for Attorney Nowak to appear at the conference by telephone.

**OTHER MATTERS:**  None.

                Respectfully Submitted,

                DENNY DENSMORE,
                By his attorneys,
                DOUGLAS, LEONARD & GARVEY, P.C.

Date:  September 4, 2015        By:    /s/Benjamin T. King_____
                                              Benjamin T. King, NH Bar No. 12888
                                              14 South Street, Suite 5
                                              Concord, NH 03301
                                              603.224.1988
                                              Benjamin@nhlawoffice.com

NATIONAL BOARD OF MEDICAL EXAMINERS
By its attorneys,
MCLANE, GRAF, RAULERSON & MIDDLETON, P.A.

Date:   September 4, 2015        By:     /s/ Alexandra L. Geiger
                                         Wilbur A. Glahn, III, NH Bar No. 937
                                         Alexandra L. Geiger, NH Bar No. 20087
                                         P.O. Box 326
                                         Manchester, NH 03105
                                         603-625-6464
                                         bill.glahn@mclane.com
                                         alexandra.geiger@mclane.com

Certificate of Service

I certify that, on September 4, 2015, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

/s/ Alexandra L. Geiger
Alexandra L. Geiger, Bar No. 20087