UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| DENNY DENSMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:15-CV-0096-JL |
| v. | ) | |
| | ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

## NATIONAL BOARD OF MEDICAL EXAMINERS'
## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendant, National Board of Medical Examiners ("NBME"), by and through its counsel, McLane Middleton, Professional Association, hereby answers Plaintiff's Second Amended Complaint as follows:

## NATURE OF THE ACTION

1. Based on the documentation submitted by Plaintiff, Denny Densmore ("Densmore"), to NBME with his requests for test accommodations for the Step 2 Clinical Skills (CS) and Clinical Knowledge (CK) exams, NBME denies that Densmore suffers from a disability as defined by the Americans with Disabilities Act ("ADA") that entitles him to accommodations for those exams. NBME admits that Densmore seeks injunctive relief, costs and attorneys' fees in this action. Upon information and belief, NBME further admits the allegations in the second sentence. NBME denies the remaining allegations in Paragraph 1.

## PARTIES

2. NBME lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies those allegations.

3. NBME admits that it is a District of Columbia non-profit organization with its principal place of business located at 3750 Market Street, Philadelphia, Pennsylvania. NBME admits that together with the Federation of State Medical Boards (FSMB) it co-sponsors the United States Medical Licensing Examination (USMLE), the computer-based components of which are administered by its delivery vendor, Prometric Inc. ("Prometric"). NBME admits only that the primary purpose of USMLE is to assess an applicant's competence for medical licensure in the United States and its territories and that USMLE results are considered by residency program directors during the residency selection process. NBME denies the remaining allegations in Paragraph 3.

4. Admitted.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions and legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

6. NBME admits that its vendor, Prometric, administers Step 2 CK exams in New Hampshire. By way of further answer, the first sentence states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. NBME denies that it illegally denied Densmore accommodations for the Step 2 exams. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6, and therefore denies those allegations.

## FACTUAL ALLEGATIONS

7. NBME denies that it illegally denied Densmore accommodations for the Step 2 exams. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and therefore denies those allegations, except that it admits that Densmore failed the Step 2 CK exam three times under standard testing conditions.

8. Based on the documentation submitted by Densmore to NBME with his requests for test accommodations for the Step 2 Clinical Skills and Clinical Knowledge exams, NBME denies that Densmore suffers from a disability as defined by the ADA. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and therefore denies those allegations.

9. NBME lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10. NBME admits that Densmore submitted a request for test accommodations for the Step 2 CK exam on June 6, 2008. By way of further answer, NBME notified Densmore in writing that his request was incomplete and that he should submit additional information if he wanted NBME to complete its review. NBME admits that Densmore submitted a request for test accommodations for the Step 2 CK exam on December 19, 2012 and that NBME denied that request. Based on the documentation submitted by Densmore to NBME with his December 19, 2012 request for test accommodations for the Step 2 Clinical Knowledge exam, NBME denies that Densmore suffers from a disability as defined by the ADA that entitles him to an accommodation for that exam. NBME further denies the allegations in the final sentence. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10, and therefore denies the allegations.

11. NBME admits that Densmore submitted a request for test accommodations for the Step 2 CS exam on or around January 15, 2013 and that NBME denied that request. Based on the documentation submitted by Densmore to NBME with his request for test accommodations for the Step 2 CS exam, NBME denies that Densmore suffers from a disability as defined by the ADA that entitles him to an accommodation for that exam. NBME further denies the allegations in the final sentence. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11, and therefore denies those allegations, except that NBME admits that Densmore took and failed the Step 2 CS exam three times.

12. NBME admits that passing the Step 2 exams is a prerequisite for graduation at many medical schools in the United States. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and therefore denies those allegations.

13. NBME admits that together with the FSMB it co-sponsors the USMLE and that the computer-based components of USMLE are administered by its delivery vendor Prometric almost every day of the year at test centers across the country and internationally. NBME further admits that, if requested by the student, it reports examination scores to that student's medical school.

14. NBME admits that it entered into a settlement agreement with the United States Department of Justice in 2011. By way of further answer, the settlement agreement speaks for itself and, to the extent Densmore's allegations regarding the content of that agreement are inconsistent with its actual language, NBME denies those allegations. NBME denies the remaining allegations in Paragraph 14.

15.     NBME admits that it notified Densmore by letter, dated March 20, 2013, that his requests for test accommodations for the Step 2 CS and CK exams were denied. NBME denies the remaining allegations in Paragraph 15.

16.     NBME lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence, and therefore denies those allegations. NBME denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18.     NBME lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence, and therefore denies those allegations. Based on the documentation submitted by Densmore to NBME with his requests for test accommodations for the Step 2 CS and CK exams, NBME denies that Densmore suffers from a disability as defined by the ADA that entitles him to accommodations for those exams. NBME denies the allegations in the final sentence of Paragraph 18.

## COUNT I
## VIOLATION OF THE ADA AND REQUEST FOR INJUNCTIVE RELIEF

19.     NBME repeats and incorporates by reference its answers to Paragraphs 1 through 18 as if fully stated herein.

20.     Based on the documentation submitted by Densmore to NBME with his requests for test accommodations for the Step 2 CS and CK exams, NBME denies that Densmore suffers from a disability as defined by the ADA. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore denies those allegations.

21. NBME admits that 46 U.S.C. § 12189 contains the quoted language. By way of further answer, the statute speaks for itself and, to the extent Densmore's allegations regarding the content of that statute are inconsistent with its actual language, NBME denies those allegations.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. By way of further answer, NBME admits that 28 C.F.R. § 36.309(b) contains the quoted language but states that the regulation speaks for itself and, to the extent Densmore's allegations regarding the content of that regulation are inconsistent with its actual language, NBME denies those allegations.

24. NBME denies the allegations in Paragraph 24 as stated. By way of further answer, enlarging the time for an individual to take an examination sponsored by the NBME may be a reasonable accommodation if that individual has a physical or mental impairment that substantially limits his or her ability to perform a major life activity relevant to that examination.

25. Based on the documentation submitted by Densmore to NBME with his requests for test accommodations for the Step 2 CS and CK exams, NBME denies that Densmore suffers from a disability as defined by the ADA. NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and therefore denies those allegations.

26. NBME answers that the statutes and regulations referenced speak for themselves and, to the extent Densmore's allegations regarding their content are inconsistent with their actual language, NBME denies those allegations.

27. Based on the documentation submitted by Densmore to NBME with his requests for test accommodations for the Step 2 CS and CK exams, NBME denies that Densmore suffers from a disability as defined by the ADA. By way of further answer, the standard set forth under the ADA for establishing a disability is not whether Densmore has a learning disability that substantially limits him in the activities of reading and learning in comparison to "other medical students taking the Step 2 Exams." NBME lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27, and therefore denies those allegations.

28. NBME admits that in order to become licensed to practice medicine in the United States individuals must pass all Steps of USMLE. The remaining allegations in Paragraph 28 are denied.

29. NBME admits that Densmore submitted written requests to NBME for additional time to take the Step 2 Clinical Skills and Step 2 Clinical Knowledge exams but denies that the documentation and information submitted by Densmore with those requests demonstrated that he suffers from a disability as defined by the ADA that entitles him to accommodations for those exams. NBME further admits that it routinely grants the accommodation of additional time to individuals with a documented mental and/or physical impairment that substantially limit their ability to perform major life activities involved in the Step 2 exams.

30. Denied.

31. Denied.

32. Denied.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

34. Denied. Further answering, Plaintiff is not entitled to damages under Title III of the ADA, *see Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 1st Cir. 2006), and Plaintiff has withdrawn his claim for damages.

35. Denied.

36. Denied.

## COUNT II
## REQUEST FOR ATTORNEY'S FEES

37. NBME repeats and incorporates by reference its answers to Paragraphs 1 through 36 as if fully stated herein.

38. The first sentence states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. NBME denies the allegations in the final sentence of Paragraph 38.

The following paragraph is a request for relief to which no answer is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent Densmore bases his causes of action on events outside the applicable statute of limitations, some or all of Densmore's allegations and/or causes of action are time-barred.

### Second Affirmative Defense

Densmore's claims fail under the equitable defenses of waiver and/or estoppel.

### Reservation of Rights

NBME reserves the right to assert additional affirmative defenses available to it to the extent that such defenses are revealed during the course of discovery as long as said defenses are raised upon reasonable notice to Densmore.

WHEREFORE, NBME respectfully requests that this Honorable Court:

A. Dismiss Densmore's Complaint with prejudice on all counts;

B. Award NBME its attorneys' fees and costs; and

C. Grant such other and further relief as justice and equity may require.

Respectfully submitted,

NATIONAL BOARD OF MEDICAL EXAMINERS

Date: November 24, 2015

By its attorneys,

MCLANE MIDDLETON,
PROFESSIONAL ASSSOCIATION

By: /s/ Alexandra L. Geiger
    Wilbur A. Glahn, III, Bar No. 937
    Alexandra L. Geiger, Bar No. 20087
    900 Elm Street, P.O. Box 326
    Manchester, NH 03105
    Phone: (603) 625-6464
    bill.glahn@mclane.com
    alexandra.geiger@mclane.com

Certificate of Service

I certify that, on November 24, 2015, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for ECF to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants, if any.

/s/ Alexandra L. Geiger
Alexandra L. Geiger, Bar No. 20087