UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DENNY DENSMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:15-CV-0096-JL |
| | ) |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S FINAL PRETRIAL STATEMENT

The Defendant, National Board of Medical Examiners ("NBME" or "Defendant"), submits this Final Pretrial Statement pursuant to Local Rule 16.2 and Federal Rule of Civil Procedure 26(a)(3).

## I.   PARTIES' STIPULATED BRIEF STATEMENT OF THE CASE

Plaintiff  Denny Densmore brought this action contending that the National Board of Medica Examiners ("NBME")  violated the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* by failing to provide him with accommodations on the United States Medical Licensing Examination ("USMLE"), which is administered by NBME.  In particular, Densmore sought accommodation on the Step 2 Clinical Knowledge and Step 2 Clinical Skills examinations.  He requested twice the time allotted to others to complete the exam.

Densmore's first request for accommodation was made in 2008 on the basis of a reading disorder.  NBME did not deny that request but deemed it incomplete based on the failure to provide information demonstrating both the alleged disorder and that Densmore was substantially limited in his ability to read or learn relative to most people in the general population as opposed to his grade based peers namely, medical students.

Densmore again applied for accommodations in late 2012 and early 2013 based on the reading disorder, writing disorder and Attention Deficit/Hyperactivity Disorder.  NBME denied that request based on Densmore's failure to document that he was substantially limited in a major life activity relative to most people in the general population or to establish his AD/HD by objective evidence.  Densmore alleges that this denial violates that ADA.

Densmore was dismissed from the Medical University of South Carolina in July 2013.  In order to qualify for the USMLE, Densmore must be admitted to a medical school.

## II.     WITNESSES

NBME identifies below those witnesses that it expects to call or may call at trial.  NBME reserves the right to seasonably amend or supplement this list prior to trial and, if necessary, for cross-examination and/or rebuttal.  NBME similarly reserves the right not to call any of the witnesses listed below.

### A.     Witnesses NBME Expects to Call

1.     Catherine Farmer, Psy.D., Director, Disability Services, National Board of Medical Examiners, 3750 Market Street, Philadelphia, PA 19104-3102, (215) 590-9500.

2.     Gerard F. Dillon, Vice President, Licensure Programs, National Board of Medical Examiners, 3750 Market Street, Philadelphia, PA 19104-3102, (215) 590-9500.

3.     Benjamin Lovett, Ph. D., Department of Psychology, SUNY Cortland, PO Box 2000, Cortland, NY, 13045, (607) 753-2040.

### B.     Witnesses NBME May Call

1.     Peter Katsufrakis, Senior Vice President, Assessment Programs, National Board of Medical Examiners, 3750 Market Street, Philadelphia, PA 19104-3102, (215) 590-9500.

2.     Any witness listed by NBME in its Fed. R. Civ. P. 26(a)(1) Initial Disclosure.

3.     Any witness listed by Plaintiff in his Pretrial Statement.

4.      Any witness listed by Plaintiff in his Fed. R. Civ. P. 26(a)(1) Initial Disclosure.

5.      Any and all witnesses deposed in this matter.

6.      Any and all persons necessary or appropriate for cross-examination, impeachment, establishing an evidentiary foundation, rebuttal and/or corroboration.

7.      Any person with personal knowledge of admissible facts discovered by either party prior to or during trial.

8.      Any records custodian in the event agreement cannot be reached to present such records as exhibits without foundational proof.

## III.   WAIVER OF CLAIMS OR DEFENSES

NBME does not waive any claims or defenses.

## IV.   DEPOSITIONS TO BE READ INTO EVIDENCE

NBME may read into evidence testimony from the deposition of Plaintiff.

## V.   EXHIBITS

### A.   Exhibits NBME Expects to Offer

The following are lists of exhibits NBME expects to offer into evidence and exhibits that NBME may offer into evidence.  These lists contain generic descriptions of exhibits.  NBME does not represent that it will introduce any one or all these exhibits.  NBME similarly reserves the right not to introduce these exhibits at trial and the right to amend this list prior to trial. NBME further reserves the right to offer as an exhibit any document or thing marked during any deposition taken in this case and any and all exhibits to be used for cross-examination, impeachment, rebuttal, and/or corroboration.

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Transcript from the School District of Greenville County, South Carolina, 1980-84 |
| 2 | Densmore's ASVAB Scores, Test Date September 16, 1986 |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 3 | **Report of Medical History for Navy, October 1986** |
| 4 | Enlisted Performance Evaluation Reports from Navy, 1988-1990 |
| 5 | Admissions Testing Program Report of SAT Scores July 27, 1990 |
| 6 | Navy Certificate of Discharge, October 8, 1994 |
| 7 | Transcript of Grades, Greenville Technical College, 1990-1995 |
| 8 | GE Performance Review, 1992-1999 |
| 9 | GE Training Profile, March 7, 1997 |
| 10 | Transcript of Grades, University of South Carolina, 1996-2001 |
| 11 | Medical College Admission Test Scores August 1996 & April 2002 |
| 12 | Transcript of Grades, St. George's University, with handwritten notes, 2003-2005 |
| 13 | Medical Prescreen of Medical History Report from Navy, August 12, 2005 |
| 14 | Transcript of Grades, Medical University of South Carolina, 2005-2008 |
| 15 | Testing Report from Alice Q. Libet, Ph.D., May 2006 |
| 16 | Letter from Alice Libet, Ph.D. to Jeffrey Wong, M.D., Associate Dean for Medical Education, Medical University of South Carolina, June 12, 2006 |
| 17 | Officer & NCO Evaluation Reports from Army Reserves, 2007-2012 |
| 18 | Report of Step 2 CK and CS Exam results, 2008-2013 |
| 19 | Progress Notes of Alice Libet, June 2006 – February 2008 |
| 20 | Densmore's Application for Accommodations on the Step 2 Clinical Knowledge Exam, 2008 |
| 21 | Addendum to Testing Report from Alice Q. Libet, Ph.D., March 2008 |
| 22 | Letter from NBME to Denny Densmore dated August 8, 2008 |
| 23 | Fax transmittal sheet from Alice Q. Libet, Ph.D. to Joy Orlemann at NBME with attachments. November 12, 2008 |
| 24 | Letter from Catherine Farmer to Denny Densmore dated February 18, 2009 |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 25 | Email from Denny Densmore to Dr. Catherine Farmer, November 30, 2009, with attachments |
| 26 | Telephone Note from Joy Orlemann dated December 1, 2009 |
| 27 | Neuropsychological Assessment prepared by Lynda J. Katz, Ph.D., December 2010 |
| 28 | Chronological Record of Medical Care from Army Reserves, June 16, 2011 |
| 29 | Letter from Sally Self, M.D., Associate Dean for Student Progress, Medical University of South Carolina, to Denny Densmore dated July 11, 2011 |
| 30 | Letter from Sally Self, M.D., Associate Dean for Student Progress, Medical University of South Carolina, to Denny Densmore dated January 5, 2012 |
| 31 | Report from Benjamin Lovett, Ph.D. on Denny Densmore dated January 22, 2012, Step 2 CK Exam |
| 32 | Timeline, Denny Densmore, February 2012 |
| 33 | Letter from Sally Self, M.D., Associate Dean for Student Progress, Medical University of South Carolina, to Denny Densmore dated February 15, 2012 |
| 34 | Letter from Dr. Etta D. Pisano, Vice President for Medical Affairs, Dean, College of Medicine, Medical University of South Carolina, to Denny Densmore, dated April 25, 2012 |
| 35 | Densmore's request for test accommodations, Step 2 CK exam, December 4, 2012 |
| 36 | Materials submitted by Denny Densmore to NBME for accommodations in December 2012 |
| 37 | Letter from Lisa Brooks, Case Coordinator, Disability Services, to Denny Densmore dated December 19, 2012 |
| 38 | Densmore's Application for Accommodations for Step 2 CS to the National Board of Medical Examiners, January 15, 2013 |
| 39 | Report from Benjamin Lovett, Ph.D. , Step 2 CS regarding application of Denny Densmore, January 22, 2013 |
| 40 | Report from Benjamin Lovett, Ph.D. , Step 2 CK regarding application of Denny Densmore, January 22, 2013 |
| 41 | Letter from NBME to Denny Densmore dated March 20, 2013 |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 42 | Letter from Dr. Etta D. Pisano, Vice President for Medical Affairs, Dean, College of Medicine, Medical University of south Carolina, to Denny Densmore, dated May 15, 2013 |
| 43 | Letter from Denny Densmore to Raymond S. Greenberg, M.D., Ph.D., dated June 19, 2013 |
| 44 | Letter from Denny Densmore to Mark S. Southmann, Ph.D., dated July 9, 2013 |
| 45 | Letter from Mark S. Southmann, Ph.D. to Denny Densmore dated July 12, 2013 |
| 46 | Letter from Catherine Farmer, Psy.D. to Denny S. Densmore dated October 22, 2013 |
| 47 | Report of Dr. Benjamin Lovett dated April 22, 2016 |
| 48 | Policies and Procedures regarding U.S. MLE Test Administration for Examinees With Disabilities |

### B.      Exhibits NBME May Offer

In listing the following exhibits, NBME does not represent that they are necessarily admissible or relevant, but instead reserves the right to offer the same if appropriate.

1.      Any exhibits marked at a deposition.

2.      Any exhibits listed on plaintiff's pretrial statement.

3.      Any blow-up or enlargement of an exhibit and any chart, drawing or "chalk" prepared during trial.

4.      Any and all documents necessary for rebuttal, impeachment or cross-examination.

### VI.    JURY EVIDENCE RECORDING SYSTEM (JERS)

N/A

### VII.   SPECIAL DAMAGES

N/A

**VIII.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

Settlement is unlikely. The parties have not participated in any alternative dispute

resolution process.

**IX.   ATTORNEYS' FEES**

Defendant seeks its reasonable attorneys' fees to the extent allowable under 42 U.S.C.

§ 12205, 42 U.S.C. § 12188(a)(1) and 42 U.S.C. § 2000a-3(a).

**X.   VIEW**

N/A

**XI.   ESTIMATED LENGTH OF TRIAL**

NBME anticipates that the trial of this matter may take three days.

Respectfully submitted,

NATIONAL BOARD OF MEDICAL
EXAMINERS

By its attorneys,

McLANE MIDDLETON,
PROFESSIONAL ASSOCIATION

September 29, 2016                  By:___/s/ Wilbur A. Glahn, III_____
                                              Wilbur A. Glahn, III (Bar No. 937)
                                              bill.glahn@mclane.com
                                              Benjamin B. Folsom, Bar No. 268352
                                              ben.folsom@mclane.com
                                              900 Elm Street, P.O. Box 326
                                              Manchester, NH 03101
                                              (603) 628-1469

## <u>Certificate of Service</u>

I hereby certify that on September 29, 2016, I served the foregoing via ECF electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing to the registered participants as identified on the Notice of Electronic Filing.


                                                      /s/ Wilbur A. Glahn, III

                                               Wilbur A. Glahn, III

11288335